# UNITED STATES DISTRICT COURT
for the
## WESTERN DISTRICT OF NORTH CAROLINA

### Asheville Division

| | | |
|---|---|---|
| The Estate of William I. Allison, deceased by and through Susan W. Allison, Personal Representative of the Estate, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:09 CV 468 |
| v. | ) ) | |
| Vince Scoggins, P.A. and James J. Bombenger, MD and Shelby Emergency Associates, P.A., | ) ) ) ) | **CONFIDENTIALITY PROTECTIVE ORDER** |
| Defendants | ) ) ) | |

To facilitate the production and receipt of information during discovery in this lawsuit, Estate of William I. Allison (plaintiff) and Vince Scoggins, P.A., James J. Bombenger, MD, and Shelby Emergency Associates (defendants), parties to this action, and Cleveland County HealthCare System (hereinafter "CCHS"), a non-party from which documents have been requested pursuant to subpoena, have consented, through their respective counsel, for the protection of confidential commercial information that may be produced or otherwise disclosed during the course of this lawsuit.

Now therefore, upon the consent of the parties, it is hereby ORDERED that:

1. Trade secrets, financial information and other proprietary or confidential commercial information that is produced or revealed at any time during and as a result of this lawsuit shall be considered "Confidential Information" hereunder, if so designated in the case of documents, in writing at the time of production in the manner described

herein, or, in the case of deposition testimony, either orally on record at the deposition or in writing to opposing counsel within fifteen days of receipt of the deposition transcript by the Party or the Non-Party CCHS revealing the information.

2.  All Confidential Information disclosed in discovery of this action shall be used solely for purposes of prosecuting or defending this litigation and shall not be used for any other purpose.

3.  Documents may be designated as containing Confidential Information by stamping the document "Confidential" or any other reasonable means which places the all Parties on notice that the documents are considered "Confidential."

4.  All information designated "Confidential" shall be maintained in confidence by the entity to which such information is produced or given, shall be used solely for the purposes of this litigation, and shall not be disclosed to any person, without prior Court approval, except:

(a) The Court (including court reporters, stenographic reporters, videographers, and court personnel);

(b) The attorneys of record, partners, and employees of the attorneys of record;

(c) Any other person as to whom the producing party making the "Confidential" designation agrees in writing before disclosure to the other Person;

(d) Any party to this litigation, including employees thereof;

(e) Any witness or prospective witness, including without limitation expert witnesses, to the extent that the confidential information to be reviewed by the witnesses is or may be relevant to the testimony to be provided by the witness.

Any person reviewing confidential information pursuant to the paragraph (e) above, shall

be provided with a copy of this Confidentiality Protective Order and instructed that they are reviewing the information subject thereto.

6. All documents designated by a producing party as containing Confidential Information shall be stored and maintained at the offices of outside attorneys of record or in their custody and control, except that copies thereof may be provided to persons permitted to review such documents pursuant to paragraph 4 above.

7. In addition, a producing party may designate Confidential Information that could reasonably be determined to be detrimental to the commercial interests of the revealing party if such information was revealed to any party as "Confidential – Attorney's Eyes Only". Any such designation shall be made by stamping the document "Confidential – Attorney's Eyes Only" or any other reasonable means which places the other Party on notice that the documents are considered "Confidential – Attorney's Eyes Only."

8. All information designated as "Confidential – Attorney's Eyes Only" shall be viewed only by counsel of record for the respective parties, and such employees of counsel, including, without limitation, associate attorneys, paralegals, and administrative personnel as counsel of record should deem appropriate, shall be maintained in strict confidence by such counsel of record, and shall have the same protection as Confidential Information, except that such documents must not be disclosed to the respective parties. It is specifically agreed that such information may be provided to expert witnesses as deemed reasonable and appropriate by counsel of record.

9. In order to comply with regulations issued by the United States Department of

Health and Human Services pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), it is further hereby ordered that:

    (a) Each receiving party, its agents and counsel are prohibited from using or disclosing any patient, medical or other personal health information furnished pursuant to this Order for any purpose except for litigating or resolving issues in this contested case;

    (b) Within 90 days after the conclusion of this contested case and any appeals therefrom, such receiving party, its agents and counsel shall: (i) return to the producing party any and all existing copies of any patient, medical or other personal health information received pursuant to this Order, including any additional copies of the information that have been created by a receiving party in any form or medium; or (ii) destroy such information, to the extent that any receiving party has destroyed such information it shall certify the destruction of any and all copies of all such information received, or created.

3.    The restrictions set forth in the preceding paragraphs shall not apply to information which: (a) is or becomes public knowledge, in a manner not involving a violation of this Order; (b) is acquired by the non-designating party from a third party lawfully in possession of such information and having no obligation to the owner thereof, or (c) was in the lawful possession of the non-designating party prior to disclosure in this lawsuit pursuant to this Order and for which the non-designation party has no obligation to the owner thereof or any party.

4.    This Order shall be without prejudice to the right of any party:

    (a) To bring before the Court by motion, at any time, the question of whether any information has been improperly designated as confidential, or "Confidential – Attorney's Eyes Only," in which event

the party asserting confidential or "Confidential – Attorney's Eyes Only" status shall have the burden of establishing the same;

(b) To apply to the Court for relief from any requirements hereof, for good cause; and

(c) To assert any objection that may be applicable with regard to the document or information, or to oppose requests to disclose information as being beyond the scope of discovery authorized by the North Carolina Rules of Civil Procedure.

4.   If any counsel for any party shall reasonably believe that assessment by his or her client of contents of documents marked "Confidential – Attorney's Eyes Only" is necessary in order to protect the interests of the client, such counsel shall discuss the issue with opposing counsel in an effort to formulate such limitations as may be appropriate to protect the interests of all parties, including without limitation, limitation disclosure of the documents to certain persons, prior to moving the Court for relief from this order.

5.   No party shall be obligated to challenge the propriety of any designation of Confidential Information and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

6.   At the final conclusion of this lawsuit (including any appeals) and unless the Court otherwise orders, any and all other materials, memoranda and documents embodying data concerning said materials or documents designated "Confidential" or "Confidential – Attorney's Eyes Only" and any copies thereof which have been made, shall be returned to the Party upon request, or such materials and documents shall be certified in writing to have been destroyed.

Signed: July 29, 2010

Dennis L. Howell
United States Magistrate Judge

PROTECTIVE ORDER ACKNOWLEDGMENT STATEMENT

By signing this Protective Order Acknowledgment Statement, I certify that I have read the Protective Order entered by the Court in the above-captioned matter, understand its terms and agree to abide by them. I understand that the terms of this Order include a requirement that I keep all Confidential Documents and Confidential Information that I may be given access to, secure and confidential and that I refrain from disclosing any such matters to anyone, except as may be provided by the terms of the Protective Order.

Signed this the 27th day of July, 2010

s/Michael R. Nash
Michael R. Nash, Attorney for Plaintiff
N.C. Bar Number 9972
Attorney for Plaintiff
Post Office Box 4578
Greensboro, NC 27404
Telephone: (336) 370-4144
Fax: (336) 370-1341
Email: mike@callnash.com

s/Stacy Stevenson
Scott M. Stevenson, Stacy
Stevenson & Christian Stables
Shumaker, Loop & Kendrick,
LLP
128 S. Tryon Street, Suite 1800
Charlotte, N.C. 28202
shstevenson@slk-law.com