**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv468**

| | | |
|---|---|---|
| **THE ESTATE OF WILLIAM I. ALLISON, deceased , by and through Susan W. Allison, personal representative of the Estate,** | ) ) ) ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| Vs. | ) ) | **ORDER** |
| **VINCE SCOGGINS, P.A.; JAMES J. BOMBENGER, M.D.; and SHELBY EMERGENCY ASSOCIATES, P.A.,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the court on initial review of defendants' Motion to Dismiss. The court has read all the briefs and reviewed the exhibited annexed thereto by the parties. While it is apparent that the parties have thoroughly briefed this issue and supplied extensive exhibits, the court notes the absence of the decedent's admission form or other paperwork when he presented at the emergency department of Cleveland Regional Medical Center. While the parties may well have already reviewed such paperwork and have good reason for not submitting it in support or opposition, the court would like to review such documentation inasmuch as such

-1-

documents were likely filled out by the decedent, or completed for him by hospital staff, and may contain information concerning where the decedent believed he was domiciled at a time relevant to this case.

Finally the court has reviewed plaintiff's "Motion with Respect to the Format of Plaintiff's Response to the Motion of Defendants to Dismiss Pursuant to Rule 12" (#32). While defendants have correctly pointed out in their Reply brief that the Pretrial Order specifies a 14 point font, the Local Civil Rules provide for a 12 point font, making plaintiff's confusion and subsequent use of the incorrect font understandable. The court cannot find, however, that defendants have been in any way prejudiced by such mistake, inasmuch as their supporting and reply briefs have thoroughly presented defendants' position. The court accepts the responsive brief with the smaller font, and will grant defendants' leave to amend their supporting brief to add whatever information or arguments they would not have left out had they been allowed to use a 12 point font.[1] The plaintiff's motion will be denied, and the brief accepted with such error *nunc pro tunc*.

Even with such misstep, the court notes and appreciates the fine manner in which all parties have briefed this difficult issue.

---

[1] The court notes that defendants did not use the entire page limit in their Reply to plaintiff's response.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) not later than September 17, 2010, defendants submit to the court as "additional exhibits" copies of the paperwork completed by the decedent, or on his behalf, relating to his admission or discharge from the emergency department of Cleveland Regional Medical Center on or about April 24, 2008;

(2) in the event such documents are not in such defendants' possession, custody, or control, non-party Cleveland Regional Medical Center is **COMPELLED** to produce such documents, which the court finds to be relevant and necessary for the proper administration of justice, to counsel for defendants; and

(3) plaintiff's "Motion with Respect to the Format of Plaintiff's Response to the Motion of Defendants to Dismiss Pursuant to Rule 12" (#32) is **DENIED** without prejudice, defendants are allowed to amend their supporting brief (if necessary) not later than September 17, 2010, to add any additional argument, and plaintiff is allowed to file its responsive brief with 12 point font, *nunc pro tunc*

Signed: September 9, 2010

Dennis L. Howell
United States Magistrate Judge