IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09cv468

| | | |
|---|---|---|
| THE ESTATE OF WILLIAM I. ALLISON, deceased, by and through Susan W. Allison, personal representative of the Estate, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| VINCE SCOGGINS, P.A.; JAMES J. BOMBENGER, M.D.; and SHELBY EMERGENCY ASSOCIATES, P.A., | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on:

(1) defendants' Motion to Compel Discovery (#44);

(2) defendants' Motion for Protective Order (#46); and

(3) plaintiff's Motion to Compel Discovery Related [to] Defense Expert Dr. Pourbaugh [*sic*] (#49).

The court has considered the extensive material submitted and appreciates the well-presented briefs of the respective parties.

The court agrees with the parties that the motions should be considered together

-1-

as they all relate to the same issue: the scope and limits of discovery concerning testifying expert witnesses. The court cannot, respectfully, agree with plaintiff's argument that each side is requesting "equivalent" information from the opposing experts. Instead, it appears that defendants seek to compel the testimonial histories, opinion histories, and correspondence between the experts and counsel in this case, while plaintiff seeks to compel a list of cases in which defendant's expert has been retained, but has not yet testified. These are very different issues; however, each can be resolved by reviewing the text of Rule 26, Federal Rules of Civil Procedure.

First, defendants' seek to compel the following information concerning plaintiff's experts, Dr. Blount and Dr. Sobel:

(1) a copy of the initial letter sent from plaintiff's counsel to Dr. Blount;

(2) a copy of the email sent from Dr. Blount to counsel for plaintiff outlining his overall opinions about the case;

(3) a copy of Dr. Blount's power-point presentation on diabetes;

(4) a copy of the presentation on clinical judgment created by Dr. Blount;

(5) a copy of the testimonial history list created and maintained by Dr. Blount; and

(6) a copy of the testimonial history list created and maintained by Dr. Sobel.

Plaintiff then requests that the following information be compelled from defendants:

    (1)    the names of the two cases in which Dr. Poorbaugh is currently serving as a retained expert for the SLK law firm; and

    (2)    the names of any cases in which Dr. Poorbaugh has been designated as an expert by the SLK law firm during the previous four years even if he has not testified at deposition and/or at trial.

Defendants have moved for a protective order as to such request.

As mention above, the issues raised in the respective motions of the parties are resolved by the plain language of Rule 26, which provides in relevant part as follows:

> **(B) Witnesses Who Must Provide a Written Report.** Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>     (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
>     **(ii)**    **the facts or data considered by the witness in forming them**;
>     (iii)    any exhibits that will be used to summarize or support them;
>     **(iv)**    **the witness's qualifications, including a list of all publications authored in the previous 10 years**;
>     (v)    a list of all other cases in which, during the previous 4 years, **the witness testified** as an expert at trial or by deposition; and
>     (vi)    a statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B)(emphasis added).[1] Communications between a testifying expert and counsel are governed by Rule 26(b)(4)(C), which provides as follows:

> **(C) Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.** Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
> (i)  relate to compensation for the expert's study or testimony;
> (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed.R.Civ.P. 26(b)(4)(C).

Plaintiff's request will be addressed first as it can be resolved expeditiously. Plaintiff seeks the names of cases in which defendant's expert, Dr. Poorbaugh, is (1) presently designated as an expert witness and (2) has been designated in the past four years, but where he has not testified at deposition and/or at trial. Rule 26(a)(2)(B)(v) provides the answer for both parts of the request as the rule only requires the disclosure of "all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed.R.Civ.P. 26(a)(2)(B). Defendants are, therefore, only obliged to provide plaintiff with a list of cases where Dr.

---

[1] Rule 26 was revised effective December 1, 2010.

Poorbaugh has actually testified, either at a deposition or at trial. Favorable to plaintiff, the court would read such provision broadly as requiring disclosure of cases wherein Dr. Poorbaugh has given testimony, even if that case is ongoing. Thus, plaintiff's request will be denied, but defendants will of course be obligated to disclose any case in which Dr. Poorbaugh actually testifies at deposition or trial during the pendency of this litigation.

Defendants' request (outlined above), while more detailed, is also resolved by reference to Rule 26. In their motion, defendants seek to compel expert disclosures in three areas: (1) the experts' correspondence with counsel; (2) the testimonial histories of the experts; and (3) opinions expressed by Dr. Blount in the form of professional presentations.

As to correspondence between counsel and the experts, plaintiff must in accordance with the rule produce all correspondence that relates to compensation for the expert's study or testimony, that identifies facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed, and/or that identifies assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed. Fed.R.Civ.P. 26(b)(4)(C). Plaintiff should create a privilege log entry for any document for which an exception exists.

As to the testimonial histories of plaintiff's experts, defendants are entitled to

a list of cases in which each expert has testified, either at a deposition or trial, for the past four years. Fed.R.Civ.P. 26(a)(2)(B)(v).

Finally, the third category seeks Dr. Blount's learned opinions in the form of presentations, which appear to have been made at medical conferences. While such is not specifically addressed in the rule, the rule does require disclosure of a "list of all publications authored in the previous 10 years."  Fed.R.Civ.P. 26(a)(2)(B)(iv). Further, defendants have clearly shown that Dr. Blount testified at his deposition that the two presentations are relevant to issues in this case. See Memorandum in Support (#44-2), at p. 9.  As defendants " may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," Fed.R.Civ.P.26(b)(1),and Dr. Blount and counsel have shown that such presentations contain any privileged matter, such third category is also discoverable.

The court has considered the issue of costs and fees and notes the lack of argument on the part of the defendants concerning any such award.  Because such have not been specifically requested, such will not be addressed unless and until counsel for defendants raise the issue in the form of a motion in the manner required in the Fourth Circuit. Robinson v. Equifax Information Services, LLC, 560 F.3d 235, 243 -244 (4th Cir. 2009).[2]  In considering the overall appropriateness of an award of

---

[2]     While Robinson dealt with fees for a prevailing party, there appears to be little difference in what a court must consider to determine an appropriate fee that is occasioned by

costs, the court has considered the origin of this expert dispute, which appears to be rooted in the Motion to Modify the Pre-Trial Order and Case Management Plan (#19). In that motion, the parties agreed to depose the experts "*in lieu of*" creation and exchange of expert reports, a phrase which the court finds made information that would have been included in expert reports under Rule 26(a)(2)(B)(i)-(vi) appropriate topics for inquiry at the deposition. Because the experts were either unprepared or unwilling to provide such required information at the depositions, this discovery dispute ensued. Through the use of the phrase "in lieu of," the parties simply agreed to provide the information required by Rule (a)(2)(B)(i)-(vi) in a testimonial format rather than in a written report. While the plan of the parties was sound, the execution was not as the experts were unprepared. For this reason, the court finds it would not be appropriate to award costs or fees to any party as all share in the underlying problem of failing to insure that experts were ready to discuss information that they would have been required to include in their written reports.

* * *

As the problem appears to stem from conducting depositions "in lieu of" exchanging written reports, counsel shall exchange within 14 days the materials required under Rule 26(a)(2)(B)(iv)-(vi) as to each expert witness employed to

---

failure to comply with the Rules of Civil Procedure.

provide testimony in this case.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) defendants' Motion to Compel Discovery (#44) is **ALLOWED**, the discovery sought therein is **COMPELLED** as above provided, and such materials shall be produced by plaintiff within 14 days;

(2) defendants' Motion for Protective Order (#46) is **ALLOWED**, and defendants are granted leave not to produce the discovery therein specified subject to the conditions set forth above concerning production based on subsequent testimony; and

(3) plaintiff's Motion to Compel Discovery Related [to] Defense Expert Dr. Pourbaugh [*sic*] (#49) is **DENIED**.

Signed: February 10, 2011

Dennis L. Howell
United States Magistrate Judge